# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JARED LLOYD KRIEBEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01090-PLC |
| | ) | |
| TIMOTHY POOLE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Jared Lloyd Kriebel for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial affidavit submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $2.07. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement. (Docket No. 3). The certified inmate account statement shows an average monthly deposit of $10.36. The Court will therefore assess an initial partial filing fee of $2.07, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be construed within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently an inmate at Potosi Correctional Center in Mineral Point, Missouri. He has filed a document with the Court that has been construed as an action pursuant to 42 U.S.C. § 1983. The complaint is not on a Court-provided form.

Plaintiff seeks relief from the "unprofessional conduct and reprisal misconducts that Corrections Officer Timothy Poole continues to perform in his campaign of harassment." (Docket No. 1 at 1). He states that there is no logical or penological purpose in Officer Poole's conduct. Further, he states that Officer Poole's "lack of professional conduct is becoming a security risk to himself and other staff." Plaintiff alleges that Officer Poole makes threatening comments and tries to target searches in order to retaliate against offenders.

On June 30, 2018, plaintiff claims that Officer Poole took his Tylenol and threw it in the trash during a "reprisal cell search." He also alleges that Officer Poole refuses to allow him to go

to the recreation cage. Further, he states that Officer Poole urinates in the shower stalls prior to plaintiff using them.

Attached to plaintiff's complaint about Officer Poole is a letter addressed to plaintiff from the Missouri Supreme Court. (Docket No. 1-1 at 1). Plaintiff has written on this letter, turning it into what appears to be a state-court motion for post-conviction relief. In this apparent motion, plaintiff seems to be arguing that his attorney was ineffective with regards to his guilty plea in state court.

### Discussion

As noted above, plaintiff's allegations regarding Officer Poole has been construed as an action pursuant to 42 U.S.C. § 1983. The reasons for this are twofold. First, plaintiff's allegations against Officer Poole lend themselves to a § 1983 action, as plaintiff is complaining about the conditions of his confinement. Second, classifying this action as one falling under 28 U.S.C. § 2254 could deprive plaintiff of the opportunity for effective collateral review in the future, because there are restrictions on the filing of a second or successive habeas petition. *See* 28 U.S.C. § 2244.

Construed as a § 1983 action, plaintiff's complaint is defective because it has not been filed on a Court-provided form. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). Because plaintiff is proceeding pro se, he will be given the opportunity to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print the amended complaint on the Court-provided form that will be provided to him. In the "Caption" section of the Court-provided form, plaintiff

should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees*

*Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Plaintiff has attached documents to his complaint that appear to be in the nature of a motion for post-conviction relief, in which he complains of ineffective assistance of counsel with regards to his guilty plea. In general, a state prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus, and therefore must be brought pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus"). The Court will not allow plaintiff to proceed simultaneously under both § 1983 and § 2254. Therefore, if plaintiff wishes to bring an action under 28 U.S.C. § 2254, plaintiff should file a separate action on a Court-provided form that the Clerk of Court will be directed to provide.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). "In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*,

902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

**Motion to Order Missouri Department of Corrections to Return Movant to Crossroads Correctional Center**

Plaintiff has filed a motion to return him to the Crossroads Correctional Center. (Docket No. 6). He purports to file this motion pursuant to the Habeas Corpus Relief Act. This motion names Missouri Department of Corrections directors Anne Precythe and Alana Boyles as "respondents."

As noted above, plaintiff's letter of complaint regarding Correctional Officer Poole has been construed as an action pursuant to 42 U.S.C. § 1983. Plaintiff's motion to return to Crossroads Correctional Center names entirely different parties, is styled as an action for habeas corpus relief, and is factually unrelated to his complaint against defendant Poole. The Court, as previously noted, will not allow plaintiff to proceed simultaneously under two different statutes, with different parties. If plaintiff wishes to bring an action against the directors of the Missouri Department of Corrections, he must file a separate action. Therefore, his motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $2.07 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's motion to order the Missouri Department of Corrections to return him to Crossroads Correctional Center (Docket No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a form petition for filing a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. If plaintiff wishes to file a petition pursuant to § 2254, he must file it as a **separate** action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on the Court-provided civil rights form**, in accordance with the instructions set forth above, **within thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of November, 2018